**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| BON SECOURS HEALTH SYSTEM, INC., <br> 1505 Marriottsville Road <br> Marriottsville, MD 21104 <br><br> Plaintiff, <br><br> v. <br><br> EXPRESS SCRIPTS, INC., <br> One Express Way, <br> St. Louis, MO 63121 <br><br> Serve: CSC-Lawyers Incorporating Service <br>        Company <br>        7 St. Paul Street <br>        Suite 820 <br>        Baltimore, MD 21202 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No.: _____ <br> ) <br> ) <br> )  JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Bon Secours Health System, Inc. ("BSHSI"), by its undersigned counsel, as and for its Complaint against Defendant Express Scripts, Inc. ("ESI"), states as follows:

## NATURE OF THIS ACTION

1.     This is a breach of contract case that results from ESI's negligent breach of the parties' Pharmacy Benefit Management Agreement, effective February 1, 2010, and related Amendment, effective September 1, 2012 (the "Agreement"). *See* Exhibits 1 and 2. ESI breached the contract by negligently failing to protect BSHSI from fraud and abuse, and by refusing to indemnify BSHSI as required by the Agreement.

2.     ESI, as manager of pharmacy benefits for BSHSI's self-insured employee prescription plan (the "Plan") during the relevant time period, improperly administered the Plan.

3.     For example, pursuant to ESI's own guidelines and the ESI Alert entitled "Express Scripts to Launch New Compound Management Solution" ("ESI Alert") that ESI sent to BSHSI, BSHSI should have been auto-enrolled in ESI's Compound Management RX Program (the "Program") no later than September 15, 2014.  This ESI Program was designed to combat an emerging industry problem relating to compounding pharmacy fraud and abuse.

4.     But, because BSHSI later determined that ESI did not enroll BSHSI in the Program, ESI did nothing of the sort.

5.     ESI acted negligently and breached the Agreement by allowing multiple, fraudulent pharmacy claims to be processed and paid by the Plan in violation of the Program and its own guidelines.

6.     ESI further allowed compounding prescriptions to be filled even though the Program was supposed to prevent them, and it otherwise violated the obligations owed to BSHSI under the Agreement more generally by, upon information and belief, authorizing prescriptions that should not have been filled.

7.     ESI failed to uphold its obligations and caused BSHSI to suffer significant losses and damages that will be proven at trial.

## THE PARTIES

8.     Plaintiff BSHSI is a Maryland corporation, with its principal place of business in Marriottsville, Maryland.

9.     Upon information and belief, Defendant ESI is a Delaware corporation with its principal place of business in St. Louis, Missouri.  At all relevant times, ESI conducted business in Maryland.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  This action is between citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     This Court has personal jurisdiction over ESI because it has conducted substantial business in the State of Maryland, and because the allegations and claims for relief herein arise from ESI's transaction of business in Maryland, which caused BSHSI to suffer injury in Maryland.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because ESI is subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to BSHSI's claims occurred in this District.

## FACTUAL BACKGROUND

### A. THE AGREEMENT

13.     The Agreement initially took effect on February 1, 2010, and the related Amendment took effect on September 1, 2012.  ESI modified the scope of services being provided by implementing the Program and should have enrolled BSHSI in the Program no later than September 15, 2014.  The Sections referenced herein refer to the Agreement, and the relevant language cited was not altered by the Amendment.

14.     According to the Agreement's Recitals, ███████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████.  *See* Ex. 1, at Recital A.

15.    The Agreement further provides that "████████████████████████████
████████████████████████████████████████████████████████" under the Agreement. *See id.*
at Recital C.

16.    Pursuant to Section 2.1, BSHSI "█████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████" *Id.* at § 2.1 (emphasis
added).

17.    Pursuant to Section 2.1, ████████████████████████████████████
███████████████████████.

18.    Section 2.3(a) states "██████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████" *Id.* at §
2.3(a).

19.    Further, ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████" *Id.*

██    Pursuant to section 6.3(d)(i), ESI ████████████████████████████
████████████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

*Id.* at § 6.3(d)(i).

21.     Under   Section   6.3(d)(i),   ESI   is   ████████████████████

████████████████████████████████████████████████

████████████████████████. *Id.*

22.     Under   Section   6.3(d)(i),   ████████████████████████

████████████████████████████████████████████████

███████. *Id.*

## B.  COMPOUND MANAGEMENT RX PROGRAM

23.     Pursuant to the Agreement, ESI agreed to perform various claims processing services.  ESI improperly administered the Plan, for example, when it failed to uphold the very programs it instituted to protect its customers.

24.     For example, BSHSI should have been automatically enrolled in the Program since September 15, 2014, which was deemed the "standard implementation default" according to the ESI Alert.  Exhibit 3.

25.     The Program was designed to combat alleged fraud and abuse by compounding pharmacies.  The ESI Alert states that ESI "is excited to announce the launch of a new solution to address the rapidly changing landscape of compound prescriptions.  The solution allows [ESI] to evaluate every ingredient in a compound and will manage a comprehensive list of compound ingredients to exclude on your behalf.  This offering aims to cover medications that are clinically acceptable and reasonably priced."  *Id.*

26.     The ESI Alert states, "if any ingredient in the prescribed compound is on the list of excluded ingredients, the compound will not be covered.  Express Scripts will monitor compound

ingredient prices on your behalf, and if any ingredients increase outside of market-acceptable ranges, those ingredients will be excluded as soon as reasonably possible." *Id.* Pursuant to the terms of the ESI Alert, "[i]f you wish to enroll and implement on September 15, no action is necessary." *Id.*

27.     Further, it states that "[i]f you do not **contact your account representative prior to July 3**, your members will be **automatically enrolled** in this new program beginning on September 15." *Id.* (emphasis in original).

28.     BSHSI never opted out of the Program launch, and in accordance with the express terms of the ESI Alert, BSHSI should have been automatically enrolled in the Program no later than September 15, 2014.

29.     BSHSI later determined, however, that ESI did not enroll BSHSI in the Program.

### C.  ESI FAILED TO HONOR ITS OBLIGATIONS TO PROTECT BSHSI

30.     The Agreement was in effect at all relevant times, and the Program was in effect no later than September 15, 2014.

31.     ESI acted negligently and in breach of its duties to BSHSI by allowing multiple claims to be processed and paid by the Plan despite the fact that the prescriptions contained excluded compounds and should have triggered protection under the Program.

32.     For example, basic Plan monitoring by ESI should have revealed a pattern of an unusually large number of high-dollar prescriptions for compounding crèmes and other medications in a discrete geographical area.  ESI should have acted to prevent BSHSI's liability resulting from this scheme.

33.     ESI had a duty to deny these and other prescriptions and to prevent BSHSI's resultant loss.

34.     Upon information and belief, ESI breached the obligations and acted negligently by allowing these and other prescriptions to be filled that should not have been filled.

35.     Due to its superior position, ESI knew or should have known that continuing to fill prescriptions that were excluded under the Program and that should have been prevented by the Agreement ████████████████████████, would harm BSHSI.  But ESI did not prohibit such prescriptions from being filled, and it failed to alert BSHSI in accordance with the obligations ESI owed BSHSI under the Agreement and in conformity with the Program.  Given ESI's superior position, BSHSI was unable to discover ESI's failure to perform its duties and obligations under the Agreement and the Program until July 2015.  To this day, the full extent of ESI's failures in this regard and the damages BSHSI suffered are not yet known.

36.     BSHSI is seeking full reimbursement for all compounds that were filled by ESI from the period of September 15, 2014 through May 31, 2015 (as it appears that ESI did start to exclude these compounds from being filled on June 1, 2015).

37.     BSHSI is also seeking all losses that resulted from ESI's deficient claim processing services, including claims that ESI overpaid, and prescriptions ESI approved but should not have.

38.     ESI knew or should have known that its breach of the Agreement and/or Program would result in, and did in fact result in, BSHSI experiencing increased costs and losses.

39.     BSHSI provided ESI with timely notice of its claim.

40.     ESI has failed to honor the contractual obligations owed BSHSI and failed to uphold its indemnification obligations under the Agreement.

## FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT
### (DUTY TO PERFORM)

41.     BSHSI repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

42.     The Agreement constitutes a written contract under which ESI agreed, in consideration of fees paid, to perform claims processing services and DUR analysis, and to otherwise facilitate the processing of prescriptions to be filled.

43.     Under the Agreement, ESI is required to "



" *Id.* at § 2.3(a).

44.     Further, ESI was required to "

" *Id.*

45.     ESI modified the scope of services being provided by implementing the Program and should have enrolled BSHSI in the Program no later than September 15, 2014.

46.     ESI contends that it does not owe any obligation to BSHSI to perform Plan monitoring, nor does it owe an obligation to BSHSI to flag prescriptions that should have been prohibited from being filled in accordance with the Agreement and Program.  An actual and justiciable controversy exists between BSHSI and ESI regarding ESI's duty to perform claims processing services.

47.     This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.  The issuance of declaratory relief and subsequent compliance by ESI should be sufficient to resolve the existing controversy between BSHSI and ESI in this cause of action.

48.     Accordingly, BSHSI is entitled to a judgment declaring that ESI is obligated under the Agreement and applicable law to perform claims processing services, including DUR analysis and preventing prescriptions that should not be filled under the Program from being filled.

## SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT
## (DUTY TO INDEMNIFY)

49.     BSHSI repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

50.     The Agreement constitutes a written contract under which ESI agreed, in consideration of fees paid, to indemnify BSHSI.

51.     ESI agreed to ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████. *Id.* at § 6.3(d)(i).

52.     ESI was obligated, and continues to be obligated, to acknowledge its ███████ ███████████████████████████████████████████████████████████████ ███████████████████. *Id.* at § 6.3(d)(i).

53.     ESI contends that it does not owe any indemnity obligations to BSHSI.

54.     An actual and justiciable controversy exists between BSHSI and ESI regarding ESI's duty to indemnify BSHSI.

55.     This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.  The issuance of declaratory relief and subsequent compliance by ESI should be sufficient to resolve the existing controversy between BSHSI and ESI in this cause of action.

56.     Accordingly, BSHSI is entitled to a judgment declaring that ESI is obligated under the Agreement and applicable law to indemnify BSHSI for the losses it incurred as a result of ESI's breach of the Agreement.

### THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT: FAILURE TO PERFORM

57.     BSHSI repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

58.     The Agreement is a valid and enforceable contract.

59.     BSHSI performed all obligations owed to ESI.

60.     Under the Agreement, ESI is required to "███████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████" *Id.* at § 2.3(a).

61.     Further, ESI was required to "████████████████████████████████
████████████████████████████████████████████████████████████
████████████████" *Id.*

62.     ESI breached the Agreement by failing to honor its obligations under the Agreement.

63.     ESI had the duty to prevent BSHSI's resultant loss.

64.     ESI breached the Agreement by improperly administering the Program and by, upon information and belief, failing to adequately perform DURs and otherwise allowing prescriptions to be filled that should not have been filled. Basic Plan monitoring by ESI should have flagged all of these prescriptions and prohibited them from being filled.

65.     ESI knew or should have known that its breach of the contract would result in, and did in fact result in, BSHSI experiencing increased costs and losses.

66.     As a result of ESI's breach of the Agreement, BSHSI was not able to realize the benefits of pharmacy benefit management services, including, among other things, pharmacy network contracting, and PBM Services or the Program that was designed to combat an emerging industry problem relating to compounding pharmacy fraud and abuse.

67.     BSHSI has also been damaged by ESI's breach of the Agreement because BSHSI's insurer, Chubb, refused to renew BSHSI's insurance coverage after ESI allowed multiple, fraudulent pharmacy claims to be processed and paid by the Plan, allowed compounding prescriptions to be filled even though the Program was supposed to prevent them, and otherwise violated the obligations owed BSHSI under the Agreement more generally by, upon information and belief, authorizing prescriptions to be filled that should not have been filled.  As a result of ESI's breach, BSHSI has lost income, business, and business opportunities.

68.     ESI's breach of the Agreement has also caused BSHSI to suffer damages, including, but not limited to, the lost benefits of the Agreement, lost economic advantage, lost benefit of lost income, lost business, lost personal and business opportunities, and other economic injury, including, without limitation, damage to BSHSI's ability to secure insurance.

69.     As a result of its breach, ESI is liable to BSHSI for damages in an amount to be determined at trial, including, but not limited to, the full value of BSHSI's significant losses, costs, damages, expenses, other liability, and consequential damages, as well as attorneys' fees, and pre-judgment and post-judgment interest, and all other damages and recoveries allowed by law.

## FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT:
## FAILURE TO INDEMNIFY

70.     BSHSI repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

71.     The Agreement is a valid and enforceable contract.

72.     BSHSI performed all obligations owed to ESI.

73.     Under the Agreement, ESI is ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ Ex. 1 at § 6.3(d)(i).

74.     ESI had the ████████████████████████████████████ ██████████████████████.

75.     ESI failed to honor its obligations under the Agreement and breached the Agreement by ████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████.

76.     ESI knew or should have known that its breach of the contract would result in, and did in fact result in, BSHSI experiencing increased costs and losses.

77.     As a result of ESI's breach of the Agreement, BSHSI was not able to realize the benefits of pharmacy benefit management services, including, among other things, pharmacy network contracting, and PBM Services or the Program that was designed to combat an emerging industry problem relating to compounding pharmacy fraud and abuse.

78.     BSHSI has also been damaged by ESI's breach of the Agreement because BSHSI's insurer, Chubb, refused to renew BSHSI's insurance coverage after ESI allowed multiple, fraudulent pharmacy claims to be processed and paid by the Plan, allowed compounding prescriptions to be filled even though the Program was supposed to prevent them, and otherwise

violated the obligations owed BSHSI under the Agreement more generally by, upon information and belief, authorizing prescriptions to be filled that should not have been filled.  As a result of ESI's breach, BSHSI has lost income, business, and business opportunities.

79.     ESI's breach of the Agreement has also caused BSHSI to suffer damages, including, but not limited to, the lost benefits of the Agreement, lost economic advantage, lost benefit of lost income, lost business, lost personal and business opportunities, and other economic injury, including without limitation, damage to BSHSI's ability to secure insurance.

80.     As a result of its breach and refusal to indemnify, ESI is liable to BSHSI for damages in an amount to be determined at trial, including, but not limited to the full value of BSHSI's losses, costs, damages, expenses, other liability, and consequential damages, as well as attorneys' fees, and pre-judgment and post-judgment interest, and all other damages and recoveries allowed by law.

**WHEREFORE**, BSHSI demands judgment against ESI as set forth below:

1.     An order requiring ESI to repay BSHSI all amounts that BSHSI should not have paid for the costs of suit incurred herein;

2.     Such other relief as provided under the Agreement, including " ███████████ ███████████████████ " incurred as a result of ESI negligently processing prescription drug claims and as a result of ESI's breach of the Agreement.  *Id.*

3.     An award of BSHSI's actual and consequential damages, together with the costs and disbursements incurred by BSHSI in this action, including, but not limited to, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest and costs, and special and exemplary damages, to the extent and as provided by law; and

4.     Such other relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38(b), BSHSI demands a trial by jury.

DATED:        May 29, 2018

PILLSBURY WINTHROP SHAW PITTMAN LLP

BY:   /s/ Laura Freid-Studlo
      Laura Freid-Studlo (Bar. No. 16726)
      Pillsbury Winthrop Shaw Pittman LLP
      1200 Seventeenth Street, NW
      Washington, DC 20036-3006
      Phone: (202) 663-9391
      Fax: (202) 663-8007
      laura.freidstudlo@pillsburylaw.com

      *Attorneys for Bon Secours Health System, Inc.*